IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XAVIER BECCERA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05118-CRB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Daniel Marino has filed a complaint challenging the results of proceedings in California family court. Marino alleges that California's Attorney General and a number of other state actors violated his constitutional right to due process in various family-court proceedings by affording him inadequate hearings, resulting in determinations regarding custody and child support unfavorable to Marino. He also argues that the child-support system itself is unconstitutional. Because the Court has granted Marino's application to proceed in forma pauperis (dkt. 10), it must evaluate whether the case should be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). To survive dismissal, a

complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se filings are to be construed liberally. Ortez v. Washington Cty., 88 F.3d 804, 807 (9th Cir. 1996).

Marino brings two claims. First, he seeks an injunction for violation of his constitutional right to due process, alleging that the state forced him to pay child support, deprived him of custody over his child, failed to follow the law, and engaged in various other improprieties through the legal system. Compl. (dkt. 1) at 17–18. Next, Marino claims violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986 for the same conduct, and seeks damages. Compl. at 19–21. Construing Marino's complaint liberally, the Court finds that he has also alleged intentional infliction of emotional distress ("IIED") and violations of the California Family Code.

To the extent that Marino challenges the state-court judicial proceedings as improper applications of the law, his claim fails because this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. That doctrine instructs that federal district courts may not hear appeals or de facto appeals from the judgments of state courts. See Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). "[W]hen the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the action is a forbidden de facto appeal. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

Marino's complaint seeks relief from state-court judgments based on improprieties allegedly committed by the state courts. The relief he seeks would require this Court to review the state-court judgments and essentially overturn them, a prerogative reserved for the United States Supreme Court. See 28 U.S.C. § 157. Rooker-Feldman bars such relief notwithstanding that Marino brings constitutional due process claims. Allah v. Superior Court, 871 F.2d 887, 890 – 91 (9th Cir. 1989). And Rooker-Feldman bars Marino's claim for damages in addition to his claim for an injunction. See Cooper, 704 F.3d at 779.

Having scoured Marino's complaint, the Court finds one claim that may potentially be viable. Marino alleges that Sherriff's Deputy Keith Gilkerson pulled him over "on a number of occasions between 2010 and 2012" as a means of intimidating him. Compl. at 11. As it stands, the Complaint does not allege sufficient facts to state a plausible claim for relief. <u>Twombly</u>, 550 U.S. at 570. However, Marino may be able to allege sufficient facts to state a valid claim. Accordingly, the Court grants Marino leave to amend his complaint to state a claim against Gilkerson for unconstitutional search or seizure in violation of 42 U.S.C. § 1983. Marino should be aware that, even if he could state a valid claim against Gilkerson under § 1983, he would not be entitled to much of the relief he seeks here, including restitution of child-support payments and an injunction granting him custody of his child.

Marino's state-law claims related to the family-court proceedings fail because this Court lacks supplemental jurisdiction over them, having dismissed all of his federal claims related to those proceedings. <u>See</u> 28 U.S.C. § 1367.

Should Marino wish to amend, he must file an amended complaint no later than 60 days after receiving service of this order. He may wish to consult the Northern District of California's pro se handbook, available at http://cand.uscourts.gov/pro-se.

Marino's complaint is **DISMISSED WITH LEAVE TO AMEND.** For the reasons already given, Marino's motion for preliminary injunction is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 2, 2017

_____
CHARLES R. BREYER
United States District Judge